UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| ALEX LUCIANO BEYHAWCK,<br><br>              Plaintiff,<br>    v.<br><br>WASHINGTON STATE PATROL et al.,<br><br>              Defendant. | CASE NO. 3:25-cv-05995-DGE<br><br>ORDER GRANTING MOTION TO DISMISS (DKT. NO. 4) |

This matter comes before the Court on Defendants Washington State Patrol and Officer Andy Stoeckle's motion to dismiss.  (Dkt. No. 4.)  Having considered the briefing and the relevant record, the Court GRANTS the motion for the reasons described below.

## I       BACKGROUND

On October 6, 2020, Officer Stoeckle conducted a traffic stop on Plaintiff's vehicle and attached trailer which Plaintiff asserts was "without probable cause."  (Dkt. No. 1-2 at 2.) "Absent consent or legal justification," Officer Stoeckle searched and seized the vehicle and trailer, and both were impounded.  (*Id.*)  The impoundment cost Plaintiff a total of $1,749.49.

ORDER GRANTING MOTION TO DISMISS (DKT. NO. 4) - 1

(*Id.*) "Based on the traffic stop," Plaintiff was charged in Pierce County District Court, which was dismissed on October 8, 2020. (*Id.*) The case was refiled, and later dismissed on August 8, 2022. (*Id.*)

On September 24, 2025, Plaintiff filed a tort claim with the Department of Enterprise Services, Office of Risk Management. (*Id.* at 1.) On September 29, 2025, the claim was denied as time-barred pursuant to Washington Revised Code § 4.16.080. (*Id.*) On October 7, 2025, Plaintiff filed suit against Defendants, alleging: (1) unlawful search and seizure under 42 U.S.C. § 1983 and the Washington Constitution; (2) malicious prosecution; (3) conversion; and (4) negligence. (*Id.* at 2–6.) Defendants removed the case to this Court on November 7, 2025. (Dkt. No. 1.) On November 17, 2025, Defendants filed a motion to dismiss the complaint for failure to state a claim. (Dkt. No. 4.) Plaintiff did not file a responsive pleading. Under Local Civil Rule 7(b)(2), "if a party fails to file papers in opposition to a motion, such failure may be considered by the court as an admission that motion has merit."

## II    LEGAL STANDARD

Federal Rule of Civil Procedure 12(b) motions to dismiss may be based on either the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory. *Balistreri v. Pacifica Police Dep't.*, 901 F.2d 696, 699 (9th Cir. 1988). Material allegations are taken as admitted and the complaint is construed in the plaintiff's favor. *Keniston v. Roberts*, 717 F.2d 1295, 1300 (9th Cir. 1983). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554–55 (2007) (internal citations omitted). "Factual allegations must be

ORDER GRANTING MOTION TO DISMISS (DKT. NO. 4) - 2

enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true [even if doubtful in fact]." *Id*. at 555.  The complaint must allege "enough facts to state a claim to relief that is plausible on its face." *Id*. at 547.  "The court need not, however, accept as true allegations that contradict matters properly subject to judicial notice or by exhibit.  Nor is the court required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir.), *opinion amended on denial of reh'g*, 275 F.3d 1187 (9th Cir. 2001) (internal citation omitted).

### III    DISCUSSION

#### A.  State Tort Claim Notice

Defendants argue that Plaintiff's state law claims (i.e. negligence, conversion, and malicious prosecution) should be dismissed due to Plaintiff's failure to comply with Washington's tort claim presentment statute.  (Dkt. No. 4 at 5.)  Pursuant to Washington Revised Code § 4.92.100, a plaintiff is required to file a claim with the Washington Office of Risk Management before filing a tort action against the State of Washington or against State employees.  Washington Revised Code § 4.92.110 further provides, "No action subject to the claim filing requirements of [Washington Revised Code§ 4.92.100] shall be commenced against the state, or against any state officer, employee, or volunteer, acting in such capacity, for damages arising out of tortious conduct until sixty calendar days have elapsed after the claim is presented to the office of risk management in the department of enterprise services."  Wash. Rev. Code § 4.92.110.

Here, Plaintiff filed a tort claim with the Department of Enterprise Services, Office of Risk Management on September 24, 2025.  (Dkt. No. 1-2 at 1.)  However, on October 7, 2025,

ORDER GRANTING MOTION TO DISMISS (DKT. NO. 4) - 3

Plaintiff filed this current action. (*Id.*)  "The filing requirements of [Washington Revised Code § 4.92.100] and [Washington Revised Code § 4.92.110] are mandatory and operate as a condition precedent to recovery."  *Mangaliman v. Wash. State DOT*, No. CV11-1591 RSM, 2014 WL 1255342, * 4 (W.D. Wash. Mar. 26, 2014) (citing *Levy v. State*, 957 P.2d 1272, 1277 (Wash. Ct. App. 1998) (failure of claimant to comply with Washington Revised Code § 4.92.100 deprived court of jurisdiction)); *see also Hust v. Wyoming*, 372 F. App'x 708, 710 (9th Cir. 2010) (district court properly dismissed plaintiff's Washington state tort claims for failure to comply with Washington Revised Code § 4.92.110).

Washington Revised Code § 4.92.110 requires potential litigants to give the state an opportunity to investigate, evaluate, and potentially settle claims before they reach the courthouse steps.  *See Lee v. Metro Parks Tacoma*, 335 P.3d 1014, 1017 (Wash. Ct. App. 2014). In other words, the notice requirement in Washington Revised Code § 4.92.110 cannot be satisfied after a litigant is already inside the courthouse—it is a condition precedent to entering. *See Mangaliman*, 2014 WL 1255342, * 4.  Plaintiff's failure to meet this condition precedent requires this Court to dismiss his prematurely filed state law claims.

### B.  Statute of Limitations

Additionally, the failure to comply with Washington Revised Code § 4.92.110 before the expiration of the applicable statute of limitations results in a dismissal of the case.  *Peterick v. State,* 589 P.2d 250, 260 (Wash. 1977), *overruled on other grounds*; *Stenberg v. Pacific Power & Light,* 709 P.2d 793 (1985); *Coulter v. State,* 608 P.2d 261, 263 (Wash. 1980).  Defendants argue that Plaintiff's claims are barred by the applicable statutes of limitations. (Dkt. No. 4 at 2–4.)

Because 42 U.S.C. § 1983 does not contain a statute of limitations, the Court applies Washington's statute of limitations for personal injury actions and Washington's law on equitable tolling to Plaintiff's § 1983 claim. *See Butler v. Nat'l Cmty. Renaissance of Cal.*, 766 F.3d 1191, 1198 (9th Cir. 2014) ("Section 1983 does not contain its own statute of limitations. Without a federal limitations period, the federal courts 'apply the forum state's statute of limitations for personal injury actions, along with the forum state's law regarding tolling, including equitable tolling, except to the extent any of these laws is inconsistent with federal law.'" (quoting *Canatella v. Van De Kamp*, 486 F.3d 1128, 1132 (9th Cir. 2007)). The limitations period for personal injury actions in Washington is three years. *See* Wash. Rev. Code § 4.16.080(2). Thus, the limitations period for Plaintiff's § 1983 claims is three years. *See id.*; *Rose v. Rinaldi*, 654 F.2d 546, 547 (9th Cir. 1981).

Three years is also the applicable limitations period for Plaintiff's negligence, conversion, and malicious prosecution claims. *See* Wash. Rev. Code § 4.16.080(2); *see also Woods View II, LLC v. Kitsap Cty.*, 352 P.3d 807, 816 (Wash. Ct. App. 2015) (negligence); *Michel v. Melgren*, 853 P.2d 940, 943 (Wash. Ct. App. 1993) (conversion); *Stansfield v. Douglas Cnty.*, 43 P.3d 498, 500 (Wash. 2002) (malicious prosecution).

For purposes of determining when Plaintiff's causes of actions accrued, federal law governs the accrual date for his § 1983 claim, while state law governs the accrual date for his state law claims. *Bagley v. CMC Real Estate Corp.*, 923 F.2d 758, 760 (9th Cir. 1991) ("Federal law determines when a cause of action accrues and the statute of limitations begins to run for a § 1983 claim." (citation omitted)); *Norco Const., Inc. v. King Cty.*, 801 F.2d 1143, 1145 (9th Cir. 1986) ("State law . . . determines when the statute of limitations begins to run on state claims."). For Plaintiff's causes of actions, there is no meaningful difference between state and federal

ORDER GRANTING MOTION TO DISMISS (DKT. NO. 4) - 5

accrual law. "Under federal law, a claim accrues when the plaintiff knows or has reason to know of the injury which is the basis of the action." *TwoRivers v. Lewis*, 174 F.3d 987, 991 (9th Cir. 1999) (citations omitted). "Under Washington law, the general rule for personal injury actions is that "a cause of action accrues at the time the act or omission occurs." *Matter of Estates of Hibbard*, 826 P.2d 690, 694 (Wash. 1992) (citation omitted). However, Washington courts apply a discovery rule under which "a cause of action does not accrue until a party knew or should have known the essential elements of the cause of action—duty, breach, causation, and damages." *Green v. A.P.C. (Am. Pharm. Co.)*, 960 P.2d 912, 915 (Wash. 1998) (citations omitted). Washington's focus on the elements of a cause of action "does not mean that the action accrues when the plaintiff learns that they have a legal cause of action; rather, the action accrues when the plaintiff discovers the salient facts underlying the elements of the cause of action." *1000 Virginia Ltd. P'ship v. Vertecs Corp.*, 146 P.3d 423, 428 (Wash. 2006); *see also Lee v. United States*, 809 F.2d 1406, 1410 (9th Cir. 1987) ("A claim accrues as soon as a potential claimant either is aware or should be aware of the existence of and source of his injury, not when he knows or should know that the injury constitutes a legal wrong.").

Plaintiff's § 1983 claim, as well as his negligence and conversion claims, arise out of a singular alleged wrongful act by Defendants—the October 6, 2020 traffic stop. (*See* Dkt. No. 1-2.) Plaintiff's causes of actions accrued on October 6, 2020, and he did not file a lawsuit until October 7, 2025. Thus, his § 1983,[1] negligence, and conversion causes of action are time-barred.

---

[1] Plaintiff also alleges Defendants violated the Article I, section 7 Washington Constitution for the unlawful search and seizure of his vehicle. (Dkt. No. 1-2 at 2.) Washington law has no counterpart to 42 U.S.C. § 1983, *see Rustlewood Ass'n v. Mason Cty.*, 981 P.2d 7, 14 n.10 (Wash. Ct. App. 1999), and Washington courts have rejected attempts to create a private right of action for damages under the Washington Constitution absent guidance from the legislature, *see Reid v. Pierce Cnty.*, 961 P.2d 333, 342–43 (Wash. Ct. App. 1998); *see also Blinka v. Wash.*

As for Plaintiff's malicious prosecution claim, the cause of action accrues from the date the proceedings are terminated. *Nave v. City of Seattle*, 415 P.2d 93, 94 (Wash. 1966). Plaintiff's state court case was dismissed on August 8, 2022. Again, Plaintiff's malicious prosecution cause of action is time-barred.

Plaintiff argues Washington's equitable tolling doctrine and Washington Revised Code § 4.92.110 saves his causes of action from being time-barred. (Dkt. No. 1-2 at 4–6.) Under Washington law, "[t]he predicates for equitable tolling are bad faith, deception, or false assurances by the defendant and the exercise of diligence by the plaintiff." *Millay v. Cam*, 955 P.2d 791, 797 (Wash. 1998) (citations omitted). "[T]he doctrine of equitable tolling is a narrow doctrine to be used only sparingly." *In re Haghighi*, 309 P.3d 459, 465 (Wash. 2013). Plaintiff argues Defendants acted in bad faith by "refiling the charges on December 8, 2021, after the initial dismissal on October 8, 2020, without new evidence, which deceived Plaintiff into believing the matter was still active." However, Plaintiff fails to allege facts showing that refiling the charges against him were done to force Plaintiff to fall outside the statute of limitations.

Washington Revised Code § 4.92.110 states that "[t]he applicable period of limitations within which an action must be commenced shall be tolled during the sixty calendar day period." However, Plaintiff did not file a claim with the Office of Risk Management until *after* the statute of limitations had run on his causes of action. Thus, the tolling provision is inapplicable.

---

*State Bar Ass'n*, 36 P.3d 1094, 1102 (Wash. Ct. App. 2001). Thus, this claim is DISMISSED without leave to amend. *See, e.g.*, *Shippey v. Lovick*, No. C12-225RAJ, 2013 WL 1124073, at *2 (W.D. Wash. Mar. 18, 2013) ("[T]he court will not address [the plaintiff's] attempts to inject the Washington Constitution into this dispute, because unlike violations of the United States Constitution, which are remediable via § 1983, there is no cause of action for damages arising from violations of the Washington Constitution." (citing *Reid*, 961 P.2d at 342-43)).

ORDER GRANTING MOTION TO DISMISS (DKT. NO. 4) - 7

## IV   CONCLUSION

For the reasons stated, Defendants' motion to dismiss (Dkt. No. 4) is GRANTED. Because the statute of limitations acts as an absolute bar to Plaintiff's claims, any amendment would be futile.  Therefore, the Court DISMISSES without leave to amend.  *See Newland v. Dalton,* 81 F.3d 904, 907 (9th Cir. 1995) ("[D]istrict courts need not accommodate futile amendments.").

The Clerk is directed to close the case.

Dated this 27th day of January, 2026.

David G. Estudillo
United States District Judge

ORDER GRANTING MOTION TO DISMISS (DKT. NO. 4) - 8